IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JONATHAN LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-1022-A |
| | § | |
| JUDGE GRAHAM QUISENBERRY, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Plaintiff, Jonathan Lewis ("Lewis"), a prisoner incarcerated in a facility of the Texas Department of Criminal Justice, filed this suit pro se under 42 U.S.C. § 1983, naming as defendants Judge Graham Quisenberry ("Judge Quisenberry"), Sheriff Larry Fowler ("Fowler"), and District Attorney Abigail Placke ("Placke"). The court has concluded that such complaint, and all purported claims and causes of action asserted therein, should be dismissed sua sponte pursuant to the authority of 28 U.S.C. § 1915A(b).

I.

The Complaint

Although difficult to discern, Lewis's complaint seems to challenge a traffic stop that he alleges was illegal, as well as the evidence presented, and the ruling made, at a motion to suppress hearing that took place on December 14, 2017. Lewis

claims that he was illegally stopped by "Larry Fowler's Detectives" for failure to use his blinker despite him taking no action that would require the use of his blinker. He seems to be further alleging that the trial court judge, Judge Quisenberry, erred in denying his motion to suppress after being provided with proof supporting the granting of such motion, and that Placke "knowingly and willingly allowed purgery [sic] to be counted as evidence and knows it was an illegal stop." Doc.[1] 1 at 3. He also complains, without specifically naming anyone from the sheriff's office other than Fowler as a defendant, that "detectives lied under oath and committed purgery [sic]." Id.

II.

Screening Pursuant to 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he is proceeding in forma pauperis. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325

---

[1] The "Doc.___" reference is to the number of the item on the docket in this action.

(1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks and citations omitted). After considering plaintiff's claims as described in the complaint, the court concludes that they are frivolous and fail to state a claim for relief against any defendant.

III.

Analysis

A. Dismissal Under *Heck v. Humphrey*

The law is clear that the court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action for allegedly unconstitutional conviction or imprisonment, if successful, would necessarily imply the invalidity of plaintiff's conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 486-76 (1994). In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render his conviction or sentence invalid, plaintiff must prove that the conviction or sentence has been reversed or otherwise declared invalid. Otherwise, the claim is not cognizable under § 1983. Id. at 486-87. The same

rule applies to damage claims that, if successful, would necessarily imply the invalidity of a potential conviction in a pending criminal matter. See Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996).

Lewis appears to be challenging the legality of evidence presented during his pending state court criminal proceeding.[2] If his criminal charges are still pending, Lewis cannot establish that his conviction has been reversed or otherwise invalidated. Absent extraordinary circumstances, a federal court cannot intervene in state criminal matters. Younger v. Harris, 401 U.S. 37, 45 (1971). Lewis has pointed to no extraordinary reason that this court hear his case, and therefore is not entitled to relief.

To the extent that Lewis's criminal charges may no longer be pending, he is still required to make a showing that an authorized tribunal or executive body has overturned or otherwise invalidated his conviction, which he has not done. Heck, 512 U.S. at 487. Accordingly, Lewis's claims are dismissed as frivolous. Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) (A claim that falls under the rule of Heck "is legally frivolous

---

[2]Lewis at no point complains of a conviction in his state court criminal proceeding, but instead challenges the ruling on a pretrial motion. This, coupled with the fact that he states that he seeks as relief for his case to be dismissed, rather than his conviction overturned, indicates to the court that Lewis is complaining of an ongoing criminal proceeding.

4

unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

B.  Claims Against Placke, Judge Quisenberry, and Fowler

Even ignoring that Lewis's claims are barred by Heck, Lewis's complaint still fails to state a claim for which relief may be granted against any of the named defendants. As to the claims against Placke, the law is clear that a prosecutor enjoys absolute immunity. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Because the only allegations against defendant Placke concern her actions taken in her role in prosecuting Lewis's criminal trial, she is immune from liability for such actions. Brummett v. Camble, 946 F.2d 1178, 1181 (5th Cir. 1991)(concluding prosecutor is absolutely immune from § 1983 suit predicated on malicious prosecution); see also Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994)(per curiam)(immunity applies even if the prosecutor is accused of knowingly using perjured testimony).

Similarly, all of the allegations against Judge Quisenberry pertain to his duties as a judge. Judges enjoy absolute immunity from claims for damages arising out of actions taken in the

exercise of their judicial functions. Boyd, 31 F.3d at 284. Such immunity can be overcome only in two narrow circumstances not alleged here. Mireles v. Waco, 502 U.S. 9, 11 (1991). Thus, plaintiff's claims against Placke and Judge Quisenberry are not cognizable and must be dismissed.

Finally, Lewis's complaint indicates that he has sued Fowler because of his supervisory role as the sheriff of Parker County. However, supervisory officials are not liable under § 1983 for the actions of their subordinates. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Lewis has not alleged any facts from which the court can infer that Fowler was personally involved in the alleged deprivation of Lewis's constitutional rights. Thus, as to Fowler, Lewis's complaint fails to state a claim upon which relief can be granted, and pursuant to § 1915A, the claims against Fowler must be dismissed.

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action

asserted by plaintiff against defendants be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b)(1).

SIGNED December 28 2017.

JOHN McBRYDE
United States District Judge